**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAVID AMOS, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 08-cv-482-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Respondent. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. For relief, Petitioner seeks to have his case "remanded with instructions . . . [to] the District Court to re-examine and modify" his sentence by "applying Amendment 709."

On December 9, 2005, Petitioner pleaded guilty to two criminal charges in the United States District Court for the Eastern District of Missouri. *See United States v. Amos*, No. 1:04CR158-JCH (E.D. Mo.). Count I of the Indictment charged Petitioner with knowingly and intentionally distributing a mixture or substance containing a detectable amount of methamphetamine, and Count II charged Petitioner with knowingly and intentionally possessing a list I chemical, pseudoephedrine, knowing or having reasonable cause to believe, that the pseudoephedrine would be used to manufacture methamphetamine. *Id*. Petitioner was sentenced to 140 months imprisonment, based on a total offense level of 29, and placement in a criminal history of category V. *Id*.

Petitioner sought a sentence modification from the Eastern District of Missouri pursuant to

18 U.S.C. § 3582(c)(2). *Id.* Petitioner asserted that Amendments made to the U.S.S.G. Criminal History Calculations ("Amendment 709") provided authority for the Eastern District of Missouri to reduce his sentence. *Id.* Petitioner's motion for a sentence reduction, however, was denied. *Id.* It appears that Petitioner has not appealed the denial of his motion to the Eighth Circuit Court of Appeals. *Id.*

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction and sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner does not contend that a § 2255 motion is inadequate or ineffective. Even if he did

make this argument it would have to be rejected. In *In re Davenport,* 147 F.3d 605 (7th Cir. 1998), the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit recently clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner merely asserts that he is entitled to be re-sentenced due to changes made to the Guidelines.

Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 07/24/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge